IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3048-M

WALTER BRITT GARRISON,           )
                                 )
                    Plaintiff,   )
                                 )
v.                               )       ORDER
                                 )
STATE OF NORTH CAROLINA,         )
CHARLES JOHNSON, ANTHONY         )
FRINK, KENNETH J. WHITE, and     )
NATALIE BURNETTE,                )
                                 )
                    Defendants.  )

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B). Also before the court is plaintiff's motion for injunction or protective order (D.E. 18).

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff alleges defendants located at Granville Correctional Institution ("GCI") violated his Eighth Amendment rights when defendant Natalie Burnette ("Burnette"), a sergeant at GCI, kept defendant in full restraints during his hour-long recreation on the dates of December 14, 2021, and February 1 and 12, 2022.[1] (First Am. Compl. (D.E. 12) at 5; Second Am. Compl. (D.E. 17) at 5). As a result, plaintiff claims he suffered from pain, abrasions, bruising, discoloration, discomfort, numbness, tingling, fatigue, cramping, stress, anxiety, mental anguish, and emotional distress. (Second Am. Compl. (D.E. 17) at 7). Plaintiff asserts that the following defendants

---

[1] Plaintiff states the location of occurrence was Polk Correctional Institution in his second amended complaint. (Second Am. Compl. (D.E. 17) at 5). However, plaintiff's first amended complaint states defendant Burnette is a sergeant at GCI. (First Am. Compl. (D.E. 12) at 4–5). Accordingly, the court conducts its review under the assumption that the relevant occurrences took place at GCI.

2

were aware of the transgression on plaintiff's rights because of either their ability to observe inmates' recreational time or through the knowledge of their subordinates: Interim Warden Charles Johnson ("Johnson"), Captain Anthony Frink ("Frink"), and Unit Manager Kenneth J. White ("White"). (Id. at 5–6). Plaintiff sues defendants in both their individual and official capacities. (First Am. Compl. (D.E. 12) at 3–4; Second Am. Compl. (D.E. 17) at 3–4). Plaintiff does not make any allegations against defendant State of North Carolina. Although it's not the model of clarity, plaintiff's original complaint appears to claim that the laws of the United States do not apply to him because he is a "private citizen," "non-statutory," and "non-commercial." (Compl. (DE 1) at 5).[2]

To the extent plaintiff claims he is not subject to the laws of the United States, such claims have been repeatedly rejected by the courts. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"); United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders."); United States v. Underwood, 726 F. App'x 945, 948 (4th Cir. 2018) ("[C]ourts have concluded that claims similar to Underwood's–asserting that an individual proclaiming himself a free and sovereign citizen not subject to the jurisdiction of federal courts–'ha[ve] no conceivable validity in American law.'" (quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990))).

---

[2] In his review of the facts, plaintiff mentions being transferred to Polk Correctional Institution ("PCI") and being placed in restrictive housing. (Second Am. Compl. (D.E. 17) at 7). However, plaintiff does not name any defendants related to conduct at PCI nor does he appear to allege any constitutional violations. Instead, plaintiff appears to compare PCI's treatment of inmates during recreation with GCI's treatment. (See id.). Should plaintiff wish to bring separate constitution claims against defendants at PCI, he must file a separate § 1983 action. See Fed. R. Civ. P. 20(a).

3

Further, plaintiff's claims against the state of North Carolina and official capacity claims are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to state officers or agents acting in their official capacities. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Moreover, state officials acting in their official capacity are not amendable to suit under § 1983. Will, 491 U.S. at 71.

Plaintiff's supervisory liability claims against defendants Johnson, Frink, and White are also dismissed. To establish § 1983 supervisory liability, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices . . ."; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Here, plaintiff does not plausibly allege that defendants had actual or constructive knowledge of any such "pervasive" conduct or that there was an "affirmative causal link" between his inactions and any alleged constitutional injury. See id. Plaintiff's conclusory allegations that defendants had the opportunity to observe the alleged constitutional violations or were told by subordinates is insufficient to establish supervisory liability. See Twombly, 550 U.S. at 555. Accordingly, plaintiff fails to state a claim.

Lastly, the court considers plaintiff's claims against defendant Burnette. The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 296–97 (1991) (internal citation omitted). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must

show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). For lack of recreation to rise to the level of a constitutional violation, "an inmate must show specific harm resulting from the deprivation and a complete denial for an extended period of time." Brown v. Lamanna, 304 F. App'x 207, 207 (4th Cir. 2008); see also Mitchell v. Rice, 954 F.2d 187, 189, 192–93 (4th Cir. 1992) (determining imposition of seven months without recreational time presented a genuine issue of material fact in constitutional claim); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989) (concluding denial of recreation time for a period of thirteen days did not rise to the level of a constitutional claim).

Plaintiff's allegations that he was placed in full restraints on three separate dates for an hour during recreation do not rise to the level of a constitutional violation. See Wright v. Lassiter, No. 1:18-cv-90-FDW, 2018 WL 3866590, at *8–9 (W.D.N.C. Aug. 14, 2018) (finding that forcing plaintiff to do recreation in full restraints did not rise to the level of a constitutional deprivation).

## CONCLUSION

For the reasons discussed above, the court DISMISSES this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for injunction or protective order (D.E. 18) is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of September, 2023.

*Richard E Myers II*

RICHARD E. MYERS, II
Chief United States District Judge

5